IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

NUUH AMIR NA'IM                                                                PLAINTIFF
#116249

v.                                    No: 4:21-cv-1154-DPM

SPRINGFELLOW, Dentist*                                                         DEFENDANT

ORDER

1. On *de novo* review, the Court partly adopts and partly declines the recommendation, *Doc. 33*, and mostly overrules and partly sustains Dr. Stringfellow's objections, *Doc. 34*. FED. R. CIV. P. 72(b)(3).

2. Na'im proceeds *pro se*, and the Court must liberally construe his pleading and papers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). The complaint succinctly and specifically outlines Na'im's dental troubles, which began in April 2021 and extended at least through August of that year. The complaint states claims for deliberate indifference under 42 U.S.C. § 1983 and the Arkansas Civil Rights Act, plus claims for medical malpractice and negligence under Arkansas law.

---

* The Court directs the Clerk to correct the docket to reflect Dr. Stringfellow's full name and correct spelling: "Loren Stringfellow." The Court will use the defendant's correct name in this Order.

Dr. Stringfellow requests partial summary judgment to narrow the scope of Na'im's § 1983 claim based on the PLRA's exhaustion requirements. For proper exhaustion, Na'im's grievance must have complied with the deadlines and rules set out in the ADC's grievance procedures. *Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006). Na'im initiated grievance number CMU-21-00068 on 9 July 2021. *Doc. 25-1 at 28*. The applicable grievance procedure required Na'im to submit a grievance within fifteen days of an incident. *Doc. 25-1 at 9*. Dr. Stringfellow concedes that Na'im properly exhausted his claim for any deliberate indifference that may have occurred on 28 July 2021. *Doc. 24 at 10*. The Court therefore concludes that Na'im's § 1983 claim is limited to any dental-treatment-related incidents and omissions that occurred between 25 June 2021 and 28 July 2021.

3.  The PLRA's exhaustion requirements, however, do not govern Na'im's parallel ACRA claim or his tort claims. *Harmon v. Jackson*, 2018 Ark. 196, at *3–4, 547 S.W.3d 686, 688–89. The Court has and will retain supplemental jurisdiction over those claims, which cover a broader period than Na'im's § 1983 claim. The alleged June 2021 extraction of a healthy tooth by mistake is especially troubling.

4.  The Court notes the Steven Stringfellow versus Loren Stringfellow distinction. *Doc. 34 at 2*. The remaining claims run against Loren only. If Na'im believes he has claims against Steven, then he must move to amend his complaint to add him as a defendant.

5.   The Court notes the italicized phrases and bolded phrases in the objection. Italics should be used sparingly. And bold type in a text is the typographical equivalent of shouting. The Court discourages this.

\*   \*   \*

Dr. Stringfellow's motion for partial summary judgment, *Doc. 23*, is partly granted and partly denied.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

23 May 2022