## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**NUUH AMIR NA'IM**                                                   **PLAINTIFF**
**ADC #116249**

**V.**                          **NO. 4:21-cv-1154-DPM-ERE**

**LOREN STRINGFELLOW**                                          **DEFENDANT**

### RECOMMENDED DISPOSITION

I.     **Procedure for Filing Objections**

This Recommendation has been sent to United States District Chief Judge
D.P. Marshall Jr. You may file objections if you disagree with the findings or
conclusions set out in the Recommendation. Objections should be specific and
include the factual or legal basis for the objection.

Objections must be filed within 14 days. If you do not object, you risk waiving
the right to appeal questions of fact. If no objections are filed, Chief Judge Marshall
can adopt this Recommendation without independently reviewing the record.

II.    **Summary**[1]

Plaintiff Nuuh Amir Na'im, an Arkansas Division of Correction ("ADC")
inmate, filed this civil rights lawsuit *pro se* under 42 U.S.C. § 1983. *Doc. 2.* Mr.
Na'im asserts that Defendant, Dr. Loren Stringfellow (a dentist), was deliberately

---

[1] The Court previously dismissed Mr. Na'im's claims against Dexter Payne and Carol
Chisom. *Docs. 21, 27.*

indifferent to his need for dental treatment, and committed "medical malpractice and medical negligen[ce]."[2]

Pending before the Court is Dr. Stringfellow's motion for summary judgment, brief in support, statement of facts, and affidavits supporting the motion. *Docs. 45-47*. Mr. Na'im has responded to Dr. Stringfellow's motion and both parties filed replies. *Docs. 51-53, 56, 59*. The motion is now ripe for review.

For the following reasons, the undersigned recommends that Dr. Stringfellow's motion for summary judgment be granted.

### III. Summary Judgment Standard

Summary judgment is appropriate when the record, viewed in a light most favorable to the nonmoving party, demonstrates that there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. See FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby Inc*., 477 U.S. 242, 249-50 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. Once that has been done, the nonmoving party must come forward with specific facts demonstrating that there is a material dispute for trial. See FED. R. CIV. P. 56(c); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042

---

[2] *Doc. 2 at 5.*

(8th Cir. 2011). A party is entitled to summary judgment if -- but only if -- the evidence shows that there is no genuine dispute about any fact important to the outcome of the case. See FED. R. CIV. P. 56; *Odom v. Kaizer*, 864 F.3d 920, 921 (8th Cir. 2017).

## IV. Discussion

### A. Undisputed Material Facts[3]

Following a May 2021 examination of Mr. Na'im, Dr. Stringfellow concluded that tooth #15 was not restorable and scheduled Mr. Na'im to have two teeth – #15 and #32 – extracted on June 23, 2021. *Doc. 47-1 at 2.* Notes from the June 23, 2021 visit provide that Mr. Na'im wanted to "proceed [with] planned extraction of tooth #15 and [also have] retained root tooth #7" removed. *Id. at 3*. Mr. Na'im signed a consent for the removal of those two teeth and both were extracted that day. The notes indicate that tooth #32 eventually needed "[t]o be [e]xtracted." *Id.* On June 30, 2021, Mr. Na'im returned to the dentist, this time asserting issues with tooth #10 and tooth #12. *Id. at 7.* According to the medical records, these two teeth, along with #32 needed to be extracted. *Id. at 8*.

---

[3] On June 28, 2022, the Court limited the time frame for Mr. Na'im's claims to June 25, 2021 through July 28, 2021. *Doc. 38*.

On July 9, 2021, Mr. Na'im advised the infirmary of continued tooth pain and a non-party nurse provided him prescriptions for pain medication after consulting with a non-party dentist. *Id. at 11*.

Notes from a July 27, 2021 visit indicate that Mr. Na'im was scheduled "for restorations tomorrow due to a scheduling anomaly Pt. request to do the restoration[4] on tooth #18 tomorrow and be [rescheduled] for extractions [when] next available."[5] *Id. at 13*. Mr. Na'im received a filling the next day, without complication. The records continue to note that teeth #10, #12, and #32 need to be extracted.

## B.    Medical Deliberate Indifference Claim

Deliberate indifference to a prisoner's serious medical needs constitutes the unnecessary and wanton infliction of pain and violates the Constitution. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (omitting quotations and citation). Mr. Na'im "must clear a substantial evidentiary threshold" to show that Dr. Stringfellow acted with deliberate indifference. *Johnson v. Leonard*, 929 F.3d 569, 576 (8th Cir. 2019). An inadvertent or negligent failure to provide adequate medical care does not amount to deliberate indifference. *Id. at 575*. Instead, deliberate indifference requires culpability akin to criminal recklessness, which is more blameworthy than

---

[4]This is commonly referred to as a filling.

[5] This is an exact quote. Due to the lack of punctuation, it is unclear what the "scheduling anomaly" was or what it affected.

negligence but "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994).

To demonstrate that a defendant actually knew of, but deliberately disregarded, a serious medical need, the plaintiff must establish a mental state akin to criminal recklessness: disregarding a known risk to the inmate's health." *Thompson v. King*, 730 F.3d 742, 746–47 (8th Cir. 2013). An inadvertent or negligent failure to provide adequate medical care does not amount to deliberate indifference. Negligence, even gross negligence, is not deemed "an unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 105. A defendant is liable only if their actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Dulany*, 132 F.3d at 1240-1241 (citing *Smith v. Jenkins*, 919 F.2d 90, 93 (8th Cir. 1990)).

Stated another way, Dr. Stringfellow is liable for a constitutional violation only if his actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Dulany*, 132 F.3d at 1240-1241 (citing *Smith v. Jenkins*, 919 F.2d 90, 93 (8th Cir. 1990)). "Merely demonstrating that a prison doctor committed medical malpractice is insufficient to establish deliberate indifference." *Jackson v. Buckman*, 756 F.3d 1060, 1065-1066 (8th Cir. 2014) (internal citation omitted).

On June 23, 2021, Dr. Stringfellow extracted two of Mr. Na'im's teeth – tooth #7 and tooth #15. *Doc. 47-1 at 3-4.* According to Mr. Na'im, he "immediately returned . . . to dental and informed . . . Dr. Stringfellow that he had extracted the wrong tooth." *Doc. 52 at 3.* Mr. Na'im argues that the medical records show that Dr. Stringfellow said tooth #15 was fractured and eventually extracted, when tooth #12 was the actual fractured tooth that should have been extracted. *Doc. 53 at 3.* However, the June 30 appointment – a week after Mr. Na'im alleges that he "immediately" returned to dental – is the first time that tooth #12 is ever mentioned in the records. *Doc. 47-1 at 7.* Other than Mr. Na'im's bare assertion that the wrong tooth was pulled, nothing in the record supports his allegation. Also contradicting Mr. Na'im's argument is Dr. Susan McDonald's declaration, which reads:

> I understand that Mr. Na'im is claiming that tooth #15 was wrongly extracted – that tooth #12 was the fracture[d] tooth; however, the records do not support that claim. Records reflect both were fractured. Further, tooth #12 is a bicuspid and tooth #15 is a molar. They are set in different locations, neither side-by-side nor easily confused.

*Doc. 56-2 at 2.*

Where medical records show that treatment was provided, and a physician's affidavit states that the care was adequate, an inmate cannot create a question of fact by stating that he did not feel the treatment was adequate. *Dulany v. Carnahan*, 132 F.3d 1234, 1240 (8th Cir. 1997).

Even assuming that Dr. Stringfellow extracted the wrong tooth, Mr. Na'im's own allegations undermine his constitutional claim. He asserts that Dr. Stringfellow "made a *mistake* on which tooth had the fracture." *Doc. 52 at 4* (emphasis added). Again, negligence, even gross negligence, is insufficient to establish a deliberate indifference claim.

Mr. Na'im also asserts that Dr. Stringfellow "denied [him] medical treatment [by] rescheduling [Mr. Na'im] to a later date knowing [he] was in severe pain." *Doc. 52 at 5.* However, an inmate alleging that a delay in medical treatment constitutes deliberate indifference is required to "place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment." *Laughlin v. Schriro*, 430 F.3d 927, 929 (8th Cir. 2005) (internal quotations omitted); *Corwin v. City of Independence, MO*, 829 F.3d 695 (8th Cir. 2016) (summary judgment appropriate where pretrial detainee failed to produce verifying medical evidence showing a detrimental effect due to delay in treating fractured wrist). Mr. Na'im has failed to provide any such evidence. First, after the June 30 encounter, Dr. Stringfellow increased Mr. Na'im's ibuprofen dosage. Second, Dr. Stringfellow provides the affidavit of another dentist, who opines that the delay in treatment was necessary because of an infection. The affidavit provides: "When a patient has a dental infection, no dental work may be performed." *Doc. 47-2 at 3.*

Mr. Na'im has failed to come forward with any evidence that would allow a reasonable juror to return a verdict in his favor on his constitutional claim.

## IV.    Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendant Stringfellow's motion for summary judgment (*Doc. 45*) be GRANTED, and Mr. Na'im's medical deliberate indifference claim be dismissed, with prejudice.

2. The Court decline to retain jurisdiction over and dismiss, without prejudice, Mr. Na'im's state law claim for medical negligence.[6]

3. Judgment be entered for Dr. Stringfellow.

4. The Clerk of the Court be directed to close this case.

Dated this 20th day of January, 2023.

_____
UNITED STATES MAGISTRATE JUDGE

---

[6] See 28 U.S.C. § 1367(c)(3) (district court may, once it has dismissed federal claims on which its original jurisdiction is based, decline to exercise jurisdiction over supplemental state law claims).

Mr. Na'im may refile his state law claim in an Arkansas court. He should be aware of the two-year statute of limitations applicable to such claims. See ARK. CODE ANN. 16-114-203. Also, he may be entitled to the benefit of the savings statute, which extends for one year after nonsuit the time to refile an action. Ark. Code Ann. 16-56-126; *Rowe v. Bull*, No. 4:21-CV-00275-KGB, 2022 WL 787417, at *3 (E.D. Ark. Mar. 14, 2022) (citing *Baker v. Chisom*, 501 F.3d 920, 922-23 (8th Cir. 2007) ("The Arkansas savings statute applies to causes of action brought pursuant to 42 U.S.C. § 1983 and to Arkansas state law claims that have been timely filed initially.").